UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. |
| CITY OF PORTSMOUTH, NEW HAMPSHIRE, | ) ) ) | |
| Defendant. | ) ) | |

## **COMPLAINT**

Plaintiff, the United States of America, through its undersigned attorneys, and at the request of the Administrator of the United States Environmental Protection Agency (EPA), alleges as follows:

### **NATURE OF ACTION**

1. This is a civil action brought against the City of Portsmouth, New Hampshire ("City") pursuant to Section 309(b) and (d) of the Clean Water Act ("CWA" or "the Act"), 33 U.S.C. § 1319(b) and (d). The claims arise from the City's failure to comply with its National Pollutant Discharge Elimination System ("NPDES") Permit issued in accordance with Section 402 of the Clean Water Act, 33 U.S.C. § 1342.

### **JURISDICTION/VENUE/NOTICE**

2. This Court has jurisdiction over the subject matter of this action pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b), and pursuant to 28 U.S.C. §§ 1331, 1345, and 1355.

3. Venue is proper in this district pursuant to Section 309(b) of the CWA, 33 U.S.C.

§ 1319(b).

4. Notice of the commencement of this action has been given to the State of New Hampshire pursuant to Section 309(b) of the CWA, 33 U.S.C. § 1319(b).

## DEFENDANT

5. The City of Portsmouth is a municipality incorporated under the laws of the State of New Hampshire ("State").

6. The City is a "municipality" within the meaning of Section 502(4) of the Act, 33 U.S.C. § 1362)(4).

7. The City is a person within the meaning of Section 502(5) of the Act, 33 U.S.C. § 1362(5).

## INTERVENING PLAINTIFF

8. Section 309(e) of the Act, 33 U.S.C. § 1319(e), provides:

Whenever a municipality is a party to a civil action brought by the United States under this section, the State in which such municipality is located shall be joined as a party.  Such State shall be liable for payment of any judgment or any expenses incurred as a result of complying with any such judgment entered against the municipality in such action, to the extent that the laws of that State prevent the municipality from raising revenues needed to comply with such judgment.

9. The State has committed to join this action pursuant to Section 309(e) of the CWA, 33 U.S.C. § 1319(e), as an intervening plaintiff.  The United States reserves all claims which it may have against the State under Section 309(e).

## STATUTORY BACKGROUND

10. Section 301(a) of the CWA, 33 U.S.C. § 1311(a), prohibits the discharge of pollutants into navigable waters of the United States except in compliance with the terms and

conditions of a NPDES permit issued pursuant to Section 402 of the CWA, 33 U.S.C. § 1342.

11. Section 402 of the Act, 33 U.S.C. § 1342, provides that the Administrator of EPA may issue permits under the NPDES program for the discharge of any pollutant into the navigable waters of the United States upon such specific terms and conditions as the Administrator may prescribe.

12. Section 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), authorizes the commencement of an action for civil penalties and injunctive relief against any person who violates Section 301(a) of the CWA, 33 U.S.C. § 1311(a), or any condition or limitation in a permit issued under Section 402 of the CWA, 33 U.S.C. § 1342.

## GENERAL ALLEGATIONS

13. Pursuant to Section 402 of the Act, 33 U.S.C. § 1342, EPA issued NPDES Permit No. NHO100234 to the City on April 10, 2007 (the 2007 Permit), with an effective date of August 1, 2007, superseding a permit issued on January 18, 1985 (the 1985 Permit) and effective through July 31, 2007.

14. At all times relevant to this complaint, the City's Permits provide(d) that discharges from the City's combined sewer overflow ("CSO") outfalls must not cause water quality standards violations.

## Count 1

## NPDES Permit CSO Violations

15. The United States realleges and incorporates by reference the allegations in paragraphs 1 through 14 above as though fully set forth herein.

16. During the past five years, the City's CSO outfalls have discharged wastewater to

the Piscataqua River and South Mill Pond on numerous occasions.

17. The combined sewage the City discharged and continues to discharge to the Piscataqua River and South Mill Pond through the CSO outfalls contained and contains concentrations of E. coli and coliform bacteria that caused and continue to cause water quality standard violations in the Piscataqua River and South Mill Pond.

18. The City's combined sewer outfalls are point sources within the meaning of Section 502(14) of the Act, 33 U.S.C. § 1362(14).

19. Bacteria, including E. coli bacteria and coliform bacteria, are pollutants within the meaning of Section 502(6) of the Act, 33 U.S.C. § 1362(6).

20. The Piscataqua River, which discharges to the Atlantic Ocean, and South Mill Pond, which discharges to the Piscataqua River, are navigable waters within the meaning of Section 502(7) of the Act, 33 U.S.C. § 1362(7).

21. By discharging wastewater that caused and continues to cause water quality standards violations in the Piscataqua River and South Mill Pond in contravention of its applicable NPDES Permit conditions, the City violated and continues to violate its NPDES Permit and Section 301(a) of the CWA, 33 U.S.C. § 1311(a)

22. Pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), and the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, any person who violates any condition or limitation in a permit issued under Section 402 of the CWA, 33 U.S.C. § 1342, is liable for injunctive relief and for civil penalties not to exceed $27,500 per day for each violation occurring prior to and including March 15, 2004; $32,500 per day for each violation occurring after March 15, 2004 but prior to and including January 12, 2009; and $37,500 per day for each

violation occurring after January 12, 2009.

**Count 2**

**NPDES Effluent Limit Violations**

23. The United States realleges and incorporates by reference the allegations of paragraphs 1 through 22 above as though fully set forth herein.

24. The 2007 Permit contains, among other conditions, limitations on the concentration of 5-day Biochemical Oxygen Demand and Total Suspended Solids that the City may discharge in effluent from its waste water treatment plant located at Peirce Island in Portsmouth, New Hampshire to the Piscataqua River.

25. Ever since the 2007 Permit became effective on August 1, 2007, the effluent that the City has discharged to the Piscataqua River from a point source at its Peirce Island treatment plant has consistently containing 5-day Biochemical Oxygen Demand and Total Suspended Solids in excess of the concentrations that the 2007 Permit allows.

26. Five-day Biochemical Oxygen Demand and Total Suspended Solids are pollutants within the meaning of Section 502(6) of the Act, 33 U.S.C. § 1362(6).

27. By discharging effluent with 5-day Biochemical Oxygen Demand and Total Suspended Solids in concentrations greater than the 2007 Permit allows, the City has violated the 2007 Permit and Section 301(a) of the CWA, 33 U.S.C. § 1311(a)

28. Pursuant to Section 309(b) and (d) of the CWA, 33 U.S.C. § 1319(b) and (d), and the Debt Collection Improvement Act of 1996, 31 U.S.C. § 3701, any person who violates any condition or limitation in a permit issued under Section 402 of the CWA, 33 U.S.C. § 1342, is liable for injunctive relief and for civil penalties not to exceed $27,500 per day for each violation

occurring prior to and including March 15, 2004; $32,500 per day for each violation occurring after March 15, 2004 but prior to and including January 12, 2009; and $37,500 per day for each violation occurring after January 12, 2009.

## **RELIEF SOUGHT**

Wherefore, Plaintiff, the United States of America, respectfully requests that the Court grant the following relief:

A. Order the City of Portsmouth to eliminate combined sewer overflows from its collection system that cause violations of water quality standards in the Piscataqua River and South Mill Pond;

B. Order the City of Portsmouth to make improvements to its Peirce Island waste water treatment plant or take such other action as necessary to comply with the $BOD_5$ and Total Suspended Solids effluent limits in the 2007 Permit;

C. Order the City of Portsmouth to operate its wastewater treatment facility to maximize pollutant removal;

D. Order the City to pay a civil penalty not to exceed $27,500 per day for each violation occurring prior to and including March 15, 2004; $32,500 per day for each violation occurring after March 15, 2004 but prior to and including January 12, 2009; and $37,500 per day for each violation occurring after January 12, 2009; and

E.  Grant such other relief as the Court deems just and proper.

Respectfully submitted,

JOHN C. CRUDEN
Acting Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

 /s/ Peter M. Flynn
PETER M. FLYNN
Senior Attorney
Environmental Enforcement Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 514-4352
peter.flynn@usdoj.gov

JOHN P. KACAVAS
United States Attorney
District of New Hampshire

T. DAVID PLOURDE
New Hampshire Bar # 2044
Assistant United States Attorney
District of New Hampshire
53 Pleasant Street, 4th Floor
Concord, NH 03301-3904
(603) 225-1552
David.plourde@usdoj.gov

Dated:  August 17, 2009

OF COUNSEL:

MICHAEL WAGNER
Enforcement Counsel
Office of Environmental Stewardship
U.S. Environmental Protection Agency, Region 1
One Congress Street, Suite 1100 (SEL)
Boston, MA 02114
(617) 918-1735

Case 1:09-cv-00283-PB     Document 1     Filed 08/17/2009     Page 8 of 8