UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**United States of America, et al.**

    v.                                        Case No. 09-cv-283-PB
                                               Opinion No. 2016 DNH 113

**City of Portsmouth, et al.**

**O R D E R**

A group of Portsmouth residents seeks to intervene in a long-running case involving the City of Portsmouth's compliance with the Clean Water Act (CWA). The case began in 2009 when the U.S. Environmental Protection Agency (EPA) sued the City for failing to comply with various sections of the CWA governing the discharge of pollutants into the Piscataqua River and Great Bay Estuary. See Doc. No. 1. The State of New Hampshire intervened soon after, bringing claims against the City for alleged violations of state environmental laws. See Doc. Nos. 3 (State's Motion to Intervene); 4 (State's Intervenor Complaint). In September 2009, the parties signed a lengthy consent decree that committed the City, among other things, to building a secondary wastewater treatment facility to treat sewer overflow. See Doc. No. 8.

In July 2012, the EPA filed a motion to modify the original consent decree. Doc. No. 13. The Conservation Law Foundation

(CLF), a non-profit environmental group, filed a motion to intervene in the case, which the City opposed. See Doc. Nos. 11 (CLF's motion); 15 (City's objection). I granted CLF's motion, but limited its intervention to the issues that were before the court at the time, namely the approval of the consent decree modification. Doc. No. 21. Then, after receiving briefing from all the parties in the case, I approved the first consent decree modification. Doc. No. 29.

In April 2016, the EPA moved to modify the consent decree a second time. Doc. No. 38. This second modification would set, among other things, a revised construction schedule for the wastewater treatment facility on Peirce Island in Portsmouth. See Doc. No. 38-1 at 4-5. The next month a group of Portsmouth residents filed the present motion to intervene pursuant to Federal Rule of Civil Procedure 24. Doc. No. 40. They argue that they have standing in the case as "citizens" under 33 U.S.C. § 1365(g) and under the constitutional guidelines set forth in Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167 (2000).[1] Doc. No. 40 at 2.

In addition to requesting intervention, the residents assert a number of grievances. They argue, among other things,

---

[1] The residents each filed a "standing" affidavit setting forth their individual grievances, potential injuries, and basis for suing. See, e.g., Doc. No. 40-1.

2

that the proposed consent decree modification is "weak, inadequate, and unenforceable."  Id. at 5.  They contend that the consent decree will not end the City's violations of the CWA, and oppose the planned location of the wastewater facility on Peirce Island.  See id. at 5-11.  They formally request that I a) allow them to intervene in the case; b) delay approval of the consent decree modification until they receive certain documents they have requested under the Freedom of Information Act; and c) delay approval of the consent decree modification until the "final disposition of [their] citizens suit brought pursuant to 33 U.S.C. 1365(a)(1)."  Id. at 11.

   The City objects to the residents' motion.  Doc. No. 42.  It argues that the residents' intervention would be untimely and objects to their substantive arguments about the adequacy of the consent decree.  The EPA and CLF also responded to the motion to intervene.  Both parties stated that, although they do not oppose a limited intervention by the residents, they do object to many of the residents' substantive arguments and oppose a delay in the project.  See Doc. Nos. 41; 46.  Neither the City, the EPA, nor CLF contend that the residents lack standing to intervene.

   Rule 24 provides two primary grounds for intervention: intervention of right and permissive intervention.  Fed. R. Civ.

P. 24(a)-(b). A party may intervene of right if either: 1) it "is given an unconditional right to intervene by a federal statute," or 2) it "claims an interest relating to the property . . . that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest . . . ." Fed. R. Civ. P. 24(a). A party may seek permissive intervention if A) it "is given a conditional right to intervene by a federal statute," or B) it "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). Both types of intervention require that a motion to intervene be "timely." Fed. R. Civ. P. 24(a)-(b).

   The residents do not indicate which type of intervention they seek, although they do argue they have a right to bring a citizen suit under 33 U.S.C. § 1365(a)(1). See Doc. No. 40 at 3. The City concedes that the CWA confers a statutory right on proper parties to intervene, but nonetheless argues that the motion should be denied as untimely. See Doc. No. 42-1 at 4. It contends that if the residents wish to intervene, they should have done so four years ago, when CLF did. Id. The City claims that the residents knew of their interest in the case years ago and had ample opportunity to voice their concerns at any of the numerous City Council meetings where the case was discussed.

4

Id. at 6.  Now, with the project "100% designed," a new compliance schedule "fully negotiated," and a $75 million bond resolution authorization approved by the City Council, the "Neighbors come too late."  Id.  Moreover, the City argues, the residents do not need to intervene in this case to file their citizens suit – they may simply initiate a separate action.  Id. at 8.

Although the City raises valid arguments, I nonetheless allow the residents to intervene here for the limited purposes specified in this Order.  As the First Circuit has noted, "[t]here is no bright-line rule delineating when a motion to intervene is or is not timeous."  Banco Popular de Puerto Rico v. Greenblatt, 964 F.2d 1227, 1230 (1st Cir. 1992).  "Instead, courts must decide the question on a case by case basis, examining the totality of the relevant circumstances."  Id.  Here, the residents will undoubtedly be affected by the proposed consent decree modification and appear to have good faith concerns that they wish to express.  Given that I previously allowed CLF to intervene several years after the case was commenced, I see no reason to bar the residents from doing the same.

I note, however, that the residents are only allowed to intervene with respect to issues that are presently before the

court: namely, the motion to approve the second proposed consent decree modification. Doc. No. 43. They may therefore participate in briefing in response to that pending motion, appeal from any adverse decision, and participate in regular interactions with the parties concerning the second proposed consent decree modification. I express no views at the present time with respect to the other relief requested by the residents. Instead, I direct the parties to meet and confer and reach agreement on a schedule for any additional briefing beyond what the parties have already filed. A joint proposed briefing schedule shall be submitted by the parties within 14 days of the date of this Order.

The motion to intervene (Doc. No. 40) is granted to the extent that it seeks relief authorized by this Order.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

July 12, 2016

cc:  David Louis Gordon, Esq.
     Peter M. Flynn, Esq.
     Kelvin A. Brooks, Esq.
     Arthur B. Cunningham, Esq.
     Michael J. Quinn, Esq.
     Bruce W. Felmly, Esq.
     E. Tupper Kinder, Eq.
     Suzanne M. Woodland, Esq.
     Thomas F. Irwin, Esq.